## JOHNSON v. SEAGULL INV. CO. et al.

No. 4248.   Decided June 24, 1925.   (237 P. 945.)

1. VENDOR AND PURCHASER—PURCHASER'S CONTRACT, AUTHORIZING VENDOR TO INCUMBER PROPERTY, CONSTRUED REASONABLY IN LIGHT OF SURROUNDING CIRCUMSTANCES AT TIME. Purchaser's contract, authorizing vendor to incumber property in certain amount, must be reasonably and practicably construed with circumstances surrounding parties at time in mind.

2. VENDOR AND PURCHASER—VENDOR HELD NOT AUTHORIZED BY CONTRACT WITH PURCHASER TO INCUMBER PROPERTY IN AMOUNT EXCEEDING UNPAID PURCHASE PRICE. Purchaser's contract, authorizing vendor to incumber property up to certain amount, *held* to contemplate right to incumber it to extent of unpaid purchase money, not exceeding amount stated, and not to authorize mortgages and mechanics' liens for total amount exceeding unpaid purchase price.

3. MORTGAGES—ONE MAY DEAL WITH VENDOR ON TERMS OF RECORDED CONTRACT UNDER WHICH PURCHASER IN POSSESSION CLAIMS, IN ABSENCE OF ACTUAL NOTICE OF RIGHTS NOT DISCLOSED THEREBY. One taking mortgage from vendor of premises in possession of purchaser must ordinarily take notice of any right or interest of latter, but may deal with property on terms and conditions of authorized, recorded, written contract, under which purchaser claims, in absence of actual notice that purchaser had rights not disclosed thereby.

4. MORTGAGES—MORTGAGEE HELD CHARGED WITH NOTICE OF INCUMBRANCES AND AMOUNT PAID ON PURCHASE PRICE BY PURCHASER IN POSSESSION. While one taking mortgage from vendor could assume that purchase price was being paid by purchaser in possession as specified in recorded contract, and that vendor's equities were as appeared therein, he was charged with constructive notice of duly recorded mortgage and assignment thereof to purchaser, amount paid on purchase price, and mechanics' liens, and acquired no lien where amount of such incumbrances, plus amount paid exceeded purchase price.

5. APPEAL AND ERROR—MORTGAGEE NOT PREJUDICED BY INTRODUCTION OF DECREE IN FORECLOSURE SUIT. While mortgagee, without interest in property because mortgagor had no existing equity when mortgage was executed, was not bound by decree adjudging purchaser from mortgagor to be owner in fee, he could not

complain, because he was not party to purchaser's action for specific performance, and was not prejudiced by introduction of decree in such action, in evidence in his action to foreclose mortgage.

6. APPEAL AND ERROR—SUPREME COURT SHOULD DIRECT THAT FINDINGS AND JUDGMENT IN EQUITY SUIT BE MADE AND ENTERED BY COURT BELOW. Suit to foreclose mortgage being purely equitable proceeding, which comes to Supreme Court on questions of both law and fact, such court may and should make findings and render judgment in accordance with facts and law applicable thereto, or direct that such findings and judgment be made and entered by court below.

Appeal from District Court, Third District, Salt Lake County; *A. R. Barnes,* Judge.

Action by Carl Johnson against the Seagull Investment Company and others. From the judgment rendered, plaintiff appeals, and defendant John E. Keriakas assigns error.

REMANDED, with directions to modify findings of fact and conclusions of law.

Headnote 1.   39 Cyc. p. 1296.
Headnote 2.   39 Cyc. p. 1296.
Headnote 3.   27 Cyc. p. 1189.
Headnote 4.   27 Cyc. pp. 1189, 1194.
Headnote 5.   4 C. J. p. 969.
Headnote 6.   4 C. J. p. 1192, 27 Cyc. p. 1513.

*Carlson & Carlson,* of Salt Lake City, for appellant.

*Morris & Callister, Marshall, Macmillan & Crow,* and *Norval E. Callister,* all of Salt Lake City, for respondents.

FRICK, J.

This action was commenced in the district court of Salt Lake county to foreclose a mortgage made and delivered by the defendant Seagull Investment Company, a corporation, hereinafter called Company, to the plaintiff. The other defendants were made parties to the action upon the alleged

ground that they claimed some interest in and to the premises described in the mortgage. The complaint is in the usual form in such actions.

The defendant Morrison, Merrill & Co., and the defendant E. T. Stevens, hereinafter styled lien claimants, filed cross-complaints, in which they alleged that they had obtained mechanics' liens against the Company which were liens on the property in question, and which had been duly established by a court of competent jurisdiction as existing liens against the mortgaged property, which liens were initiated prior to and were paramount to plaintiff's mortgage. The defendant John E. Keriakas, in his answer and counterclaim, alleged that he was the owner of the mortgaged premises, and that his rights were paramount to the rights of plaintiff.

The action was tried to the court. The findings of fact and conclusions of law are rather voluminous. We shall merely state the substance of the facts as they appear from the record and the court's findings.

In substance, the facts are:

That on May 22, 1922, the Company was the owner of the mortgaged premises; that on that date it entered into an agreement with Keriakas, hereinafter called purchaser, by the terms of which it sold and agreed to convey to him the premises for the agreed price of $9,000, with accruing interest, to be paid as follows: $3,500 upon the execution of the agreement, receipt of which was acknowledged therein; $1,000 August 1, 1922; $1,000 November 1, 1922; $500 January 1, 1923; $500 April 1, 1923; $500 July 1, 1923; $500 October 1, 1923; $1,000 January 1, 1924; and $500 April 1, 1924. (Because of the inflation of the consideration to the amount of $1,000 the sum actually paid on the execution of the agreement was only $2,500, the consideration stated in the contract as written was $9,000, whereas the purchase price in fact agreed upon by the parties was $8,000, and not $9,000.) It was also provided in said agreement that the Company reserved and was given the right to obtain a loan and to secure the same ''by mortgage upon said premises, not to exceed $4,000,'' at 8 per cent. interest. It

was further provided in the agreement that the Company would convey, and the purchaser would accept, the premises "subject to said loan and mortgage," and, further, that in case the Company received the payments as provided in the agreement, it would execute and deliver a warranty deed to the purchaser conveying the premises "free of all incumbrances."

The findings show that the purchaser made payments on the purchase price as follows: $2,500 on the date the agreement was executed; $1,000 on August 1, 1922. Also that on November 8, 1922, the purchaser paid a mortgage to the mortgagee named therein, and took an assignment of the note and mortgage, which was duly recorded; that the Company had executed said mortgage and had made it a lien on the premises after the contract of sale was executed and delivered; that the amount paid by the purchaser on said mortgage was $1,796.62; that the Company had permitted mechanics' liens to be filed and established against the mortgaged premises after the contract of sale was executed, and before the plaintiff's mortgage was executed, amounting, with interest, to the sum of $1,936.90, all of which the court declared to be liens upon the premises which would have to be paid by the purchaser, otherwise he must suffer the premises to be sold. The findings further show that the purchaser took possession of the premises after the contract of purchase was made and before plaintiff's mortgage was executed, and that the contract of purchase was, under the law, entitled to record and was duly recorded.

There are other findings, which, however, are not controlling, and such as are material will be referred to if deemed necessary in the course of the opinion.

Upon the foregoing findings the court made conclusions of law and entered a decree foreclosing plaintiff's mortgage and ordered the premises to be sold and the proceeds of sale applied in the following order: (1) To the payment of the balance remaining unpaid on the mechanics' liens, amounting to the sum of $1,175.14, with accruing interest; (2) to the payment of the purchase price the purchaser had paid, including the mortgage he had paid and

which was assigned to him, amounting in the aggregate to the sum of $8,000; (3) if there were any proceeds of sale remaining, to the payment of plaintiff's mortgage, which mortgage was declared to be subject to the mechanics' liens, and to the purchase price paid by the purchaser to the extent of $8,000. The court thus refused to allow the purchaser the full amount he was required to pay and had paid on the property purchased by him. The court so held, notwithstanding the fact that the fee-simple title had passed to the purchaser prior to the commencement of the present action, and he had taken possession of the premises before plaintiff's mortgage was executed, and had constantly remained in possession, and although the court had found that he had paid more than $8,000. The court also decreed that plaintiff was entitled to a deficiency judgment against the Company.

Plaintiff appeals from the judgment, and insists that his mortgage should have been declared to be prior and paramount to the purchaser's rights; while the purchaser contends that the court allowed him less than he was entitled to, and that it allowed the plaintiff more than he was entitled to under the facts and law applicable thereto.

In view of the court's findings, conclusions of law and judgment, it becomes necessary to review the facts to some extent. From the facts it appears that at the time plaintiff's mortgage was executed the Company had received all the payments due to it under the terms of the contract, amounting to $4,500, and, in addition thereto, had mortgaged the property to the extent of $1,796.62, of which it had received the benefit, and it also permitted materialmen to file mechanics' liens against the property for materials furnished to the Company, which were liens against the property, amounting to $1,936.90, of which materials the Company had also received the full benefit. The purchaser had thus paid in cash the sum of $6,296.62, and the Company had, in addition to that, incumbered the property by mechanics' liens, of which it had received the full benefit, to the amount of $1,936.90. The Company had thus received in moneys and benefits $8,233.52, or $233.52 in excess of the

purchase price, all of which was received before it executed plaintiff's mortgage. The Company therefore had no equity whatever in the premises when it executed plaintiff's mortgage. It is, however, contended that in view that the purchaser had authorized the Company to incumber the property by mortgage for a sum not exceeding $4,000, plaintiff's mortgage is superior to the purchaser's rights in the premises. Under certain circumstances there might be much force to the contention. In view of the facts in this case, however, it is entirely without merit. The contract, by the terms of which the Company was authorized to incumber the property not to exceed $4,000, must be given a reasonable and practicable construction. Moreover, the circumstances surrounding the parties at the time when the contract was made must be kept in mind. When the contract was entered into the purchaser had paid only the sum of $2,500 on the purchase price. There was therefore unpaid thereon the sum of $5,500. The Company thus had an equity in the premises to the extent of $5,500, when the mortgage not to exceed $4,000.00 was authorized. Before the Company executed plaintiff's mortgage, however, it had received additional payments in accordance with the terms of the contract of purchase amounting to $2,000, and, in addition thereto, had incumbered the property by executing a mortgage, which, with interest, amounted to $1,796.62; and had further incumbered the property by permitting mechanics' liens to be filed to the extent of $1,936.90. Can it reasonably be assumed that the parties contemplated that when the purchaser had paid the full purchase price the Company could, nevertheless, incumber the property to the extent of $4,000, or to any extent? We think the only reasonable construction of the contract is that the parties contemplated that the Company could incumber the property to the extent of its equity therein—that is, to the extent that the purchase money remained unpaid—and that it was not otherwise incumbered but in no event to exceed $4,000. Any other construction would authorize the Company to commit a most flagrant fraud upon the purchaser, which we cannot assume was the intention of the parties to

the contract. The question therefore is: Was the plaintiff bound to know the extent of the Company's equity in the premises when he took the mortgage?

In view that the purchaser was in possession of the premises at and before the time plaintiff obtained his mortgage, the latter, ordinarily, would be required, in dealing with the property, to take notice of any right or interest the party in possession might have in it. When, however, as in this case, the purchaser was in possession under a written contract, which was authorized to be made and was made a matter of record, and was thus constructive notice to all the world, any one dealing with the property could do so upon the terms and conditions provided in the written contract under which the purchaser claimed unless the one dealing with the property had actual notice that the purchaser had rights not disclosed by the contract.

While plaintiff thus had the right to assume that the purchase price was being paid by the purchaser at the times and in the manner and amounts specified in the written contract, and could also assume that the Company's equities were as they appeared from such contract, yet he was also required to take notice of all matters that directly affected the property as they appeared from an inspection of the property in connection with what appeared of record. For example: He was charged with constructive notice of the mortgage amounting to $1,796.62, which was duly recorded, and, further, that the same had then been assigned to the purchaser, which assignment was also of record. He was also charged with notice that the Company was improving the property by erecting a building thereon, and that it was purchasing materials from others which were used in the construction of said building. Entirely apart, however, from the fact that the purchaser was in possession when plaintiff obtained his mortgage, he was bound to take notice that, according to the terms of the contract, the purchaser had paid and the Company had received the sum of $4,500 in cash on the purchase price; that it had mortgaged the premises to the extent of $1,796.62, and that it had also permitted materialmen to acquire the right to

mechanics' liens against the property to the amount of $1,936.90. In other words, plaintiff was bound to take notice that when the Company executed his mortgage it had received in cash, and by incumbering the property, the full purchase price and $233.52 in addition thereto. The Company thus had no existing equity in the property whatever when it executed plaintiff's mortgage. Having no rights of equity in the property, it, under the facts and circumstances of this case, could transfer none to plaintiff. In view, therefore, that plaintiff could not claim as an innocent mortgagee, his mortgage never was a lien on the property, and it could not be made and was not made subject thereto.

In this connection it should also be stated that during the year 1923 the purchaser commenced an action against the Company for specific performance of the contract of purchase and obtained a judgment or decree in such action, adjudging him to be the owner in fee of the premises. While plaintiff was not a party to that action, and hence was not bound by the decree, yet, in view that he had no interest in the property, he cannot complain because he was not a party to the action.

It appears from the record that the court received the judgment roll in said action in evidence over plaintiff's objections, and he now insists that the court committed prejudicial error in that regard. The fact just stated that plaintiff never acquired any interest in or to the property in question by virtue of his mortgage, is a sufficient answer to his contention. If he had no interest in the property, he could not have been prejudiced by the introduction in evidence of the judgment or decree aforesaid.

While there are other errors assigned, they do not require specific consideration.

In view of the facts found by the court, it should have adjudged that plaintiff's mortgage constituted no lien on the property in question to any extent, and that plaintiff's action against the purchaser of the property should be dismissed. The court should also have entered judgment that the purchaser is the owner of the property, subject only to

the rights of the lien claimants, and it should have given the purchaser the right or option to pay the lien claimants the amounts due them as found by the court, and in case he failed to do so within a reasonable time to be fixed by the court, the property to be sold and the proceeds of sale applied, first, to the payment of said liens; and second that the remainder be paid to the purchaser. The court should also have entered judgment that the title to the property as against the Company and plaintiff be quieted in the purchaser, and that plaintiff and the Company be restrained and enjoined from asserting any claim or right therein or thereto. Judgment should have been entered in favor of plaintiff and against the Company for the amount due plaintiff on his note described in his mortgage, upon which execution should issue as in other cases. In view, therefore, that this is purely an equitable proceeding which comes to this court upon questions of both law and fact, we have the power, and it is our duty, to either make findings and render judgment in accordance with the facts and the law applicable thereto, or direct that such findings and judgment be made and entered by the court below. In view that the judgment can better be enforced if the findings and judgment are made and entered in the court below, it is hereby ordered and adjudged that the cause be remanded to the district court, with directions to modify the findings of fact and conclusions of law so as to conform to views herein expressed and to enter judgment as herein directed, and to enforce the same as provided by law. Purchaser to recover costs of this appeal.

GIDEON, C. J.; and THURMAN, CHERRY, and STRAUP, JJ., concur.